**Bishop Ellery SHAW, Plaintiff— Appellant,**

v.

**M.R. BUNTS, Defendant—Appellee.**

**No. 08–55910.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Bishop Ellery Shaw, San Diego, CA, pro se.

Michelle Des Jardins, Supervising Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Defendant–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**536**

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Bishop Ellery Shaw appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that he was denied a required hearing under *Haygood v. Younger,* 769 F.2d 1350 (9th Cir.1985) (en banc). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Decker v. Advantage Fund, Ltd.,* 362 F.3d 593, 595–96 (9th Cir.2004), and we affirm.

The district court properly determined that Shaw was not entitled to a release date hearing because he is serving an indeterminate life term and has not been found suitable for parole. *See In re Dannenberg,* 34 Cal.4th 1061, 23 Cal.Rptr.3d 417, 104 P.3d 783, 792 (2005) ("[T]he suitability determination precedes any effort to calculate a parole release date."). Moreover, to the extent Shaw's § 1983 action sought speedier release from prison, it was barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Wilkinson v. Dotson,* 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) ("[A] state prisoner's § 1983 action is barred ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Because Shaw failed to plead his Equal Protection and First Amendment claims in his complaint, we do not consider them.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir.2005) ("[C]ourts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint.").

Shaw's remaining contentions are unpersuasive.

Shaw's motions for judicial notice are denied.

**AFFIRMED.**

